UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ROSA M. THOMAS** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | |
| **LOWER'S HOME CENTERS, LLC AND JOHN DOE** | * | **JURY DEMAND** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant, Lowe's Home Centers, LLC ("Lowe's"), by and through undersigned counsel, hereby submits this Notice of Removal of the state court action referenced herein to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of its removal, Lowe's respectfully avers as follows:

I.

On April 14, 2022, Plaintiff, Rosa M. Thomas ("Plaintiff"), filed a Petition for Damages entitled "*Rosa M. Thomas versus Lowe's Home Centers, LLC and John Doe*" bearing suit number 22-10515 in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana.[1]

II.

Plaintiff asserted a personal injury claim arising out of an incident that occurred at the Lowe's store located in Opelousas, Louisiana, during which Plaintiff allegedly tripped and fell backwards over a flatbed cart.[2]

---

[1] See Plaintiff's Petition for Damages, attached as Exhibit 1.
[2] *Id.* at paras. 5-6.

III.

On May 12, 2022, Lowe's was served with the Petition for Damages.

IV.

On June 13, 2022, Lowe's filed an Answer to Plaintiff's Petition for Damages in state court and propounded initial discovery requests on Plaintiff.

V.

On July 22, 2022, Plaintiff provided responses to this discovery. Included were medical records regarding Plaintiff's medical treatment following the incident at Lowe's. Within these records, Plaintiff produced a quote for a recommended five-level cervical fusion surgery amounting to an estimate charge of $143,423.00.[3] Also included were medical records showing she has also been recommended to undergo medical branch blocks at three (3) levels in her the lumbar spine.[4] Finally, the records suggested Plaintiff sustained a left rotator cuff tear and a left infraspinatus tear.[5]

VI.

Plaintiff's Petition alleges that Plaintiff is domiciled in the Parish of Beauregard Parish, State of Louisiana. Accordingly, Plaintiff is considered a citizen of Louisiana for the purposes of diversity jurisdiction.

VII.

Lowe's is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Its sole member,

---

[3] *See* Cervical Spine Surgery Estimate provided by Plaintiff in discovery, attached as "Exhibit 2."
[4] *See* NeuroSurgical Records, attached hereto as "Exhibit 3."
[5] *See* Orthopedic Reconstructive Records, attached hereto as "Exhibit 4."

Lowe's Companies, Inc., is organized under the laws of the State of North Carolina with its principal place of business in the State of North Carolina.

VIII.

"Joe Doe", whom Plaintiff alleges placed the flatbed cart behind her immediately before the accident, has neither been identified nor served.

IX.

Based on the face of the Petition, complete diversity exists between the parties in accordance with 28 USCA §1332.

X.

Regarding the requisite amount in controversy requirement for diversity jurisdiction, Plaintiff's Petition does not include a specific quantum of damages or provide any allegation that would indicate that the amount in controversy exceeds the amount necessary to invoke federal diversity jurisdiction. However, as noted above, on July 22, 2022, Plaintiff provided medical records and associated billing records demonstrating that Plaintiff has sustained a left rotator cuff tear and infraspinatus tear, has been recommended to undergo a multi-level cervical fusion surgery, and has been recommended to undergo medial branch blocks at three (3) levels in her lumbar spine – all in relation to the incident which is the subject of this litigation. The cervical surgery estimate alone shows that the costs associated with the procedure exceed the jurisdictional limit ($75,000) for diversity jurisdiction.[6] Moreover, the *in globo* general damages awarded for these injuries and treatment exceeds the requisite jurisdictional amount.[7]

---

[6] *See* Exhibit 3, *in globo.*
[7] *See Smith v. Brown,* 2016-05893 (Civil District Court 10/16/19)(awarding $46,641 in general damages to the plaintiff who sustained a torn rotator cuff and supraspinatus tendon tear who treated with injections); *See Thigpen v. Hollon,* 639,357 (19th JDC 04/15/19)(awarding $35,000 in general damages to a plaintiff who sustained a torn rotator cuff and ruptured bicep tendon and treated with conservative care); *see also Cole v. Allstate Fire and Casualty Ins. Co.,* 651-428 (19th JDC 08/31/18)(awarding the plaintiff $50,000 in general damages for a lumbar spine injury treated with medical branch block injections); *see also Cooley v. Adgate,* 52,000 (La. App. 2 Cir. 05/30/18), 248 So.3d 753

XI.

28 U.S.C. §1446 provides that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." Lowe's obtained "other papers" on July 22, 2022, in the form of medical and billing records which revealed Plaintiff has been recommended both lumbar medial branch blocks, a five (5) level cervical fusion surgery, and sustained a rotator cuff tear and infraspinatus tear. Lowe's filed the instant Notice of Removal within thirty (30) days of receipt of those discovery responses. Accordingly, this Notice of Removal is timely.

XII.

The United States Court for the Western District of Louisiana is the federal judicial district embracing District Court for the Parish of St. Landry, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

XIII.

Since there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

---

(awarding the plaintiff $50,000 in general damages for a lumbar spine injury for which she underwent nerve root blocks, facet injections and rhizotomies); *see also Jackson v. Underwriters at Lloyd's of London,* 21-CA-15 (La. App. 5 Cir. 09/29/21) 329 So. 3d 1029(awarding plaintiff $275,000 in general damages to a plaintiff who sustained a cervical injury and had been recommended to undergo a two level fusion and a future three level fusion); *see also* O'Neal v. USA, 1:19-cv-01472 (USDC-WDLA 02/15/22)(awarding $260,000 in general damages to a plaintiff who sustained a cervical injury and had been recommended to undergo a two level fusion).

XIV.

Lowe's has good and sufficient defenses to the Plaintiff's claims for relief and dispute all rights to the relief prayed for in Plaintiff's Petition for Damages.

WHEREFORE, Defendant, Lowe's Home Centers, LLC, prays that the above-entitled cause on the docket of the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Western District of Louisiana and for trial by jury and other determinations as required by law.

Respectfully submitted,

　　/s/ Sarah M. Kalis
Paul J. Politz La. Bar No. 19741
　　ppolitz@twpdlaw.com
Sarah M. Kalis, La. Bar No. 37186
　　skalis@twpdlaw.com
TAYLOR, WELLONS, POLITZ & DUHE, LLC
1555 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone:  (504) 525-9888
Facsimile:  (504) 525-9899

**Counsel for Lowe's Home Centers, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Notice of Removal* has been electronically filed with the Clerk of Court of the United States District Court for the Western District of Louisiana by using the CM/ECF System. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 16th day of August, 2022.

                                                  */s/ Sarah M. Kalis*
                                      TAYLOR, WELLONS, POLITZ & DUHE, LLC